[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved for pendente lite orders for alimony and attorney fees.
The parties were married thirty two years ago and separated on January 1, 2000. The wife has not worked during the marriage except for a tutoring job she has held for the past fourteen years to earn spending money. The husband is a very successful insurance executive. Two years ago, when he was only fifty-two years old, he retired from The Hartford. He now receives a pension of $67,392.00 per year, and the covenant not to compete which had been part of his retirement arrangement has been satisfied.
Not long after his retirement, he became vice president for national accounts with R.E. Moulton. In that job, he was guaranteed an annual salary of $100,000.00 and had a draw of $100,000.00, with the ability to earn more. He also had a car allowance of $6,000.00 per year. In 1999, the parties earned approximately $370,000.00 in wages, of which slightly more than $10,000.00 was attributable to the wife. This sum was in addition to the husband's pension, which was $50,000.00 that year. This year, he was earning approximately $10,000.00 per month, net, in addition to $1,296.00 per week ($1,017.00 net) from the pension. At the beginning of May, he resigned from his job at Moulton, citing differences with his employer because of the employer's alleged harassment of women agents and customers. As a result, he cut his net income by $10,000.00 per month and assumed liability for a $500.00 per month car payment.
The issue is the extent to which the husband's voluntary termination of lucrative employment during the pendente lite period affects any obligation to pay alimony. His job with Moulton would not likely have continued for much more than another year in any case, but on its termination he rightfully expected to be able to obtain a similar position. He is clearly a gifted salesman and a knowledgeable insurance executive with the drive to continue to work well into the future. CT Page 6323 Moreover, his work does not have geographical restrictions, so he can do it from his new home in Florida as easily as from Connecticut. His reasons for leaving Moulton are legitimate, but they did not require him to resign as precipitously as he chose to do. In fact, the court concludes that the timing of his resignation was linked to the pendency of this matter and to his desire to work with his two new partners to start his own firm.
In making a determination concerning pendente lite alimony, the court must consider all of the factors set forth in Connecticut General Statutes, § 46b-82 except the grounds for the complaint. ConnecticutGeneral Statutes, § 46b-83. These include the amounts and sources of income of each party, their employability, their estates, and their needs. The purpose of pendente lite alimony is to provide for support during the pendency of the action in accordance with the recipient's needs and the payor's ability to meet them. Papa v. Papa, 55 Conn. App. 47,53 (1999). While the wife's excessive expenditures do not reflect her actual needs, it is clear that she cannot meet even her most basic needs on her earnings alone. The husband is clearly employable at a salary consistent with his earnings at Moulton. His decision to begin a new business venture now, with its attendant risks of decreased income for a period of time, is not one which the wife can be expected to finance.
Accordingly, the court orders that the husband pay the wife the sum of $1,500.00 per week in pendente lite alimony, retroactive to March 17, 2000 when her motion was filed, and to pay her a $7,500.00 retainer toward her attorney fees. The award of the retainer is without prejudice to her right to return to court during the pendente lite period if the sum proves to be inadequate. To the extent that the husband will have to borrow or invade assets to pay these sums during the time it takes him to obtain employment comparable to that he enjoyed until his abrupt resignation, a future court may take into consideration the fact that he is using marital assets to pay his personal obligations when that court determines an equitable distribution of assets at trial.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.